**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

RAED A. KATTOM                                                            PETITIONER

V.                              NO. 4:22-CV-01085-LPR-JTR

WARDEN WALKER,
Miller County Detention Center                                    RESPONDENT

## ORDER

Raed Kattom, who is currently a pretrial detainee in the Miller County Detention Center, has filed a Motion for Leave to Proceed *In Forma Pauperis* and a *pro se* 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus. *Docs. 1, 2.* The Court concludes that Kattom is eligible to proceed *in forma pauperis*. However, for the reasons explained below, service is not appropriate at this time.

Kattom's Petition fails to provide sufficient information for this Court to determine the specific constitutional claims Kattom is making, the conviction he is challenging, if any, and if his federal habeas action should be allowed to proceed. *See* § 2254 Rule 4 (a federal court should summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"). Venue and appropriate Respondent are also unclear. Kattom alleges he is being held in Miller County (part of the Western District of Arkansas), but will be transferred to Faulkner County (part of the Eastern District of Arkansas) on charges pending there.

The Court directs Kattom to file an Amended Petition using the court-approved form for § 2254 petitions, Form AO 241, specifying any basis for relief he may have. This is specifically required by Local Rule 9.1:

> All actions under . . . 28 U.S.C. § 2254 . . . filed in this district by incarcerated persons *shall* be submitted on the court-approved forms supplied by the Court unless a district judge or magistrate judge, upon finding that the complaint is understandable and that it conforms with local rules and the Federal Rules of Civil Procedure, in his or her discretion, accepts for filing a complaint that is not submitted on the approved form.

Local Rule 9.1, Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas (emphasis added).

IT IS THEREFORE ORDERED THAT:

1.      Kattom's Motion for Leave to Proceed *In Forma Pauperis* (*Doc. 1*) is GRANTED.

2.      The Clerk of the Court is directed to send Kattom a blank 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Form AO 241).

3.       If Kattom wishes to continue with this action, he must, **on or before January 13, 2023**: (a) fully complete the applicable sections of the Amended 28 U.S.C. § 2254 Petition; (b) sign and date the form on the applicable page; and (c) file the amended, completed, and signed form with the Court.

4.      The Court advises Kattom that, if he fails to timely and properly comply

with this Order, this habeas action will be dismissed, without prejudice, pursuant to

Local Rule 5.5(c)(2).[1]

5.      Service of the petition is not required at this time.

Dated this 8th day of December, 2022.

_____

UNITED STATES MAGISTRATE JUDGE

---

[1]Kattom is hereby notified of his responsibility, as a *pro se* litigant, to comply with Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (emphasis added.) *See also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).